IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 06-204 |
| OMAR TEAGLE : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                 **NOVEMBER 13, 2020**

Omar Teagle filed a habeas petition pursuant to 28 U.S.C. § 2255 on the basis of newly discovered evidence. In response, the Government moved to dismiss the petition, asserting that Teagle was not "in custody" at the time that the petition was filed. Teagle responds that his supervised release in the above-captioned case never ended, and that he was still "in custody" for Section 2255 habeas purposes. For the following reasons, we conclude that Teagle was in fact "in custody" when the petition was filed. Accordingly, the Government's motion to dismiss will be denied.

**I.     BACKGROUND**

On December 27, 2007, Teagle entered a plea of guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (*See* Case No. 06-204, ECF Nos. 164-65, 207.) On the same day, he pled guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) in a separate case before the Honorable Harvey Bartle, III, of this Court. (*See* Case No. 07-796, ECF No. 3-5, 17.) Teagle's money laundering case was transferred to this Judge on January 8, 2008, because it was related to Teagle's drug conspiracy case. (Case No. 07-796, ECF No. 7.) On May 21, 2009, Teagle was sentenced to serve 72

months of incarceration followed by five years of supervised release in Case No. 06-204 and Case No. 07-796.  (*See* Case No. 06-204, ECF No. 207; No. 07-796, ECF No. 17.)

On July 13, 2011, Teagle's term of incarceration ended and his supervised release commenced.  (*See* Case No. 06-624, ECF No. 244; Case No. 07-796, ECF No. 25.)  On March 6, 2013, we approved transferring jurisdiction of Teagle's supervised release pursuant to 18 U.S.C. § 3605.[1]  (*Id.*)  The Honorable Leonard P. Stark accepted the transfer of jurisdiction on April 12, 2013.  (*Id.*; *see also* District of Delaware Case No. 13-36, ECF No. 3.)

While on supervised release, Teagle was arrested on a new charge.  On June 2, 2014, an arrest warrant issued for Teagle in Case No. 14-284.  (Case No. 14-284, ECF No. 1.)  On June 4, 2014, Teagle was indicted and charged with one count of conspiracy to possess 5 kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  (Case No. 14-284, ECF No. 5.)  That same day, a bench warrant issued for Teagle.  (Case No. 14-284; ECF No. 7; First Unnumbered Entry Following ECF No. 9.)  On June 17, 2014, Teagle stipulated to pretrial detention.  (*See* Case No. 14-284, ECF No. 22.)

On April 10, 2015, Teagle entered a plea of guilty in Case No. 14-284 to the one-count Indictment.  (*See* Case No. 14-284, ECF No. 160-162.)  On June 14, 2016, Teagle appeared before the Honorable Petrese B. Tucker for sentencing.  (Case No. 14-284, ECF No. 248.)  Judge Tucker sentenced Teagle to 192 months' imprisonment and 10 years of supervised release.  (Case No. 14-284, ECF Nos. 248, 252.)  Judge Tucker's minute sheet for the sentencing hearing noted that Teagle was sentenced to "192 Months with credit for time served."  (No. 14-284, ECF No. 248.)

---

[1] Jurisdiction was transferred due to Teagle's residence in Delaware.  (Presentence Report ¶ 42 (on file with Court).)

**II.     DISCUSSION**

A petitioner seeking habeas corpus relief must satisfy the prerequisite of being "in custody" at the time of filing the petition.  *See* 28 U.S.C. § 2255(a).  Section 2255(a) provides:

> A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, [. . .], or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* (emphasis added).  "[T]he 'in custody' requirement is liberally construed for purposes of habeas corpus . . . ."  *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (citing *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989)).  It is well-settled that a petitioner on supervised release or parole is considered to be "in custody" for purposes of a habeas corpus petition because the restrictions "significantly restrain [a] petitioner's liberty to do those things which in this country free men are entitled to do."  *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see also United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008); *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (finding that a petitioner on or subject to supervised release is "in custody" for Section 2255 purposes).

A term of supervised release "commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release."  18 U.S.C. § 3624(e).  However, a term of supervised release "does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."  *Id.*  Recently, in the case of *Mont v. United States*, 139 S. Ct. 1826, 1832 (2019), the Supreme Court held that "pretrial detention later credited as time

served for a new conviction is 'imprison[ment] in connection with a conviction' and thus tolls the supervised-release term under §3624(e)."

Teagle began his five-year term of supervised release on July 13, 2011. He was arrested on the new charge in Case No. 14-284 on or about June 2, 2014, before his term of supervised release had expired. Teagle was held on a detainer from the time of his arrest through his conviction and sentence on the new charge. Judge Tucker later applied Teagle's pretrial detention time to the new conviction as time served. Neither Teagle nor the Government has presented any evidence concerning the termination of Teagle's supervised release. We independently reviewed the Delaware docket and found nothing in that docket that indicates Teagle's supervised release ended. *See generally* D. Del. No. 13-36.

Therefore, absent any evidence to the contrary, we are compelled to conclude that Teagle's supervised release has been tolled from the time that he was arrested in June 2014 through his current incarceration on the new conviction in Case No. 14-284. We reach this conclusion based upon the plain language of the supervised release statute that the time "does not run during any period in which the person is imprisoned in connection with a conviction" and based upon the Supreme Court's holding that supervised release is tolled when pretrial detention time is later credited to a new conviction, as it was for Teagle. *See* 18 U.S.C. § 3624(e); *Mont*, 139 S. Ct. at 1832.

The result of this tolling is that although Teagle is no longer incarcerated in Case No. 06-204, he is still subject to the supervised release imposed at the time of sentencing. He will presumably have to finish the term of supervised release once he completes his current incarceration in Case No. 14-284. Construing the "in custody" requirement liberally as the Court

4

must, Teagle is clearly "in custody" on the sentence imposed by this Court in Case No. 06-204 for Section 2255 purposes.

### III.     CONCLUSION

For the foregoing reasons, the Government's motion to dismiss Teagle's petition for failing to meet the "in custody" requirement of Section 2255 will be denied.

An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**